

**Decided March 26, 1985**

FILED

85 MAR 26 A8: 08

COMMON...
BY

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

ELENA C. ARRIOLA,           )          CIVIL ACTION NO. 84-50
                            )
          Plaintiff,        )
                            )          PARTIAL SUMMARY JUDGMENT,
     vs.                    )               SUMMARY JUDGMENT
                            )                    AND
INSURANCE COMPANY OF        )          JUDGMENT ON THE PLEADINGS
NORTH AMERICA,              )
                            )
          Defendant.        )
_____)

After extensive discovery, the defendant, Insurance
Company of North America (INA) filed motions directed to all
three counts in the plaintiff's First Amended Complaint.
They will be taken in that order.

## COUNT I

Pursuant to an agreement between the Commonwealth
Government and INA, the latter agreed to issue insurance
policies insuring employees of the government.  In the
absence of any workmen's compensation law and statutory
coverage, the agreement was, in effect, a substitute to
provide employees with disability benefits and, as in the

case at bar, death benefits should an employee die while on duty with the government.

The policy appears to be rather unique in that it incorporates by reference the provisions of the Federal Employee's Compensation Act, 5 USC, Chapter 81.[1] Although this procedure results in a short policy, it creates problems as will readily be seen.

Count I of plaintiff's amendment complaint is a suit for recovery on the policy itself. At argument both the plaintiff and INA agreed that the lump sum benefit to be paid for the death of plaintiff's husband is to be computed pursuant to 5 U.S.C. §§ 8133 and 8135 and this amounts to $25,598.00.[2]

However the plaintiff asserts that certain additional amounts must be added to the figure.

---

[1] A copy of the pertinent portion of the policy is attached.

[2] § 8133 provides benefits of 50% of the monthly salary of the deceased employee. If a lump sum payment is requested, as here, § 8135 provides for 60 months compensation at the § 8133 rate and then discounted 4%.

■ First, it is claimed that $800 for funeral services should be paid. This claim is based on 5 U.S.C. § 8134 which, inter alia, provides that "... the United States shall pay, to the personal representative of the deceased or otherwise, funeral and burial expenses not to exceed $800 in the discretion of the Secretary of Labor." The problem of incorporating by reference this provision in the INA policy is apparent. Plaintiff argues that the court read "Commonwealth" vis a vis "INA" for the "United States" and "The Commonwealth Trial Court" for the "Secretary of Labor." The court declines to do so as this would read into the policy benefits and liabilities that neither party could have intended or contemplated and would involve the court as a surrogate benefactor. Such is not a proper duty or obligation of the court.

■ Second, the claim is made for 12% per annum interest on the $25,598. Yet, the plaintiff can point to no section of the Federal Employee's Compensation Act which authorizes either interest or the percentage claimed. Additionally, 5 U.S.C. § 8116(c) states that the liability of the United States (read INA) is limited to the provisions of the Act. Plaintiff has cited no case to support her interest claim and it is denied as the court finds no basis to support the claim.

Third, the plaintiff claims attorney fees pursuant to 5 U.S.C. § 8127 which states that a claimant may authorize an individual to represent the claimant in a proceeding "before the Secretary of Labor" and that any claim for fees is valid "... only if approved by the Secretary." Once again, the incongruity resulting in the incorporating by reference all the provisions of the Act is clear. In addition to the comments made as to the funeral expense claim, it may be added that this proceeding is not before the Secretary of Labor and the court will not interpret the statute to insert this court in the place of the Secretary of Labor.

Consequently on Count I, the court grants defendant's motion and its liability under the provisions of the policy is the maximum principal lump sum benefit of $25,598.00.

## COUNT II

In this Count the plaintiff alleges damages resulting from the intentional infliction of emotional distress. Summary judgment is requested by the defendant on the grounds that even conceding all of the facts alleged by plaintiff in Count II, plaintiff's answers to interrogatories (specifically #32) and the deposition of all witnesses taken and filed with the court, there is no cause of action for the tort.

The court has painstakenly read all of these documents and for the purposes of resolving this motion, will give all inferences to be drawn therefrom in the light most favorable to the plaintiff.

Interrogatory No. 32(a) asked plaintiff to state each alleged act of willful, intentional and malicious conduct upon which Count II is based. The answer is set forth below.[3]

The answers to interrogatories 32(b), (c) and (d) clarify that the events arose out of the one meeting at the law office of the attorneys representing INA and that Attorney James Sirok, the plaintiff, her son and Marian Aldan were present.

---

[3]
(a) the date of the act: Approximately August 12 or 13th, 1983. The Attorney/Agent for the defendant INA acting in the role as an Adjuster, knowing of the Commonwealth of the Northern Mariana Islands policy of 24 hour a day duty for certain officers, and knowing that Captain Arriola was one of these officers, knew the true present day value of the benefits due to the widow; and offered the sum much less than that actually due. INA's Agent advised the Plaintiff/widow she only had one week to accept or the offer was forever withdrawn. The agent advised the widow and her son that he was a good friend of the decedent and that it was only out of the goodness of the Insurance Company's heart that any sum at all was being offered, and if they did not accept it would be forever withdrawn.

The depositions are of little help in adding to the answer given in footnote 3. On page 6 of the plaintiff's deposition she recites that she was offered "something like $22,000" in Mr. Sirok's office but she gave the check back because "... we are suppose to get more than that". Page 6, lines 14, 15.

At page 7, lines 8 thru 14, it is evident that the plaintiff had difficulty accepting the fact that her husband was deceased and "had trouble ... trying to talk to anyone at that particular time" (before the meeting at the law office).

Again, at pages 7 and 8, lines 24-25 and 1 and 2 respectively, the plaintiff explains her rejection of the offered check.

To summarize the meeting the plaintiff testified at page 9, lines 17 to 21.

> "What I told him (Sirok) was that I need time to go and seek advise from somebody that knows about these kind of situation. And I needed time and he agreed to that, which he said that he'd give me about a week and then come back again and we'd discuss it."

The plaintiff testified that the meeting was "natural" and that there "wasn't anything unusual" and that Mr. Sirok was "friendly." Page 10, lines 5 to 11.

120

The deposition of Manny Arriola basically supports the events of the August, 1983 meeting at the law office and he also characterizes the meeting as "friendly." Deposition of Mr. Arriola, page 9, lines 5-6.

Marian Aldan who also attended the meeting said it was quiet and there was no abusive conduct toward Mrs. Arriola. Deposition, Marian Aldan, page 7, lines 14-22.

The basis for plaintiff's cause of action in Count II is found in §46 of the Restatement of Torts, 2nd Edition. Pursuant to 7 CMC § 3401, this is the law in the Commonwealth. The defendant has cited numerous cases interpreting and applying § 46 and most courts are in accord that to prove the cause of action the plaintiff must show: (1) the conduct complained of must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. Chuy v Philadelphia Eagles Football Club, 595 F.2d 1265 at 1273 (10th Cir. 1979).

As the court perceives plaintiff's position in this matter, there is no dispute over the law but only that the

//

//

//

plaintiff has satisfied the four elements.[4]

Rule 56(c) provides in part:

> The (summary) judgment sought shall be
> rendered forthwith if the pleadings, depositions,
> answers to interrogatories ... show that there
> is no genuine issue as to any material fact
> and that the moving party is entitled to judgment
> as a matter of law.

The test to be applied to the motion is on the evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Sartor v Arkansas Natural Gas Corp. (1944), 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, reh. den 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593.

Summary judgment is proper only where there is no genuine issue of any material fact or where viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the moving party is clearly entitled to prevail as a matter of law. Smith v Gross, (1979, CA 9) 604 F.2d 639.

---

[4] The plaintiff cites no cases on the point and no affidavits to further support the claim have been filed. The only cases cited deal with a claim for bad faith which are not pertinent to Count II. Additionally, it is noted that the plaintiff failed to comply with Rule 8(a)(2), Com.R.Prac. in that the memorandum in opposition was not filed until the morning of the argument on the motion. Nonetheless the court has considered the memorandum.

Plaintiff has clearly failed to show fulfillment of two basic elements required by § 46 of the Restatement of Torts 2d. The record fails to support either outrageous conduct or conduct which was intentional and reckless.[5]

Succinctly put, what occurred in August of 1983 was a commonplace meeting of a beneficiary of a policy with the insurance company's lawyer where an offer to settle was made and the plaintiff rejected it.

The fact that the insurance company offered somewhat less than what the plaintiff thought she was entitled to is not outrageous conduct. The fact that the insurance company indicated that it felt it may have a defense to the claim pursuant to 5 U.S.C. § 8102 and expressed that fact to the plaintiff is not outrageous conduct. The fact that the insurance company gave the plaintiff a week to accept its offer or else resort to the court for recovery is not outrageous conduct. The fact that the plaintiff is disturbed or upset because she has had to file suit against the insurance

---

[5] Since these two elements are found lacking, the court declines to discuss at length the elements of emotional distress caused by defendant's conduct and the severity of same. Suffice to say that the medical history of the plaintiff plus the depositions and answers to interrogatories do not demonstrate that any severe emotional distress was created as a result of the meeting in the law office in August of 1983.

company to recover and had to attend a deposition for discovery purposes (mostly to ascertain the basis of her multi-million dollar emotional distress claim) is not outrageous conduct.[6]

Applying the tests set forth above in Sartor and Smith, supra, the court comes to the conclusion that as a matter of law defendant is entitled to judgment on Count II.

COUNT III

This count alleges a claim for the negligent infliction of emotional distress without bodily harm. The Restatement of Torts 2d, § 46 and § 436A do not recognize such a tort. Pursuant to the mandate of 7 CMC § 3401, the court declines the invitation to create a cause of action where none exists. Judgment on the pleadings shall be granted for defendant.

---

[6] Plaintiff's opposition to the motion is largely devoted to a recitation of extraneous assertions, many of which were alleged in the original complaint and which were stricken by the court on defendant's motion. Those assertions had no force and effect then and they have no substance now. What apparently plaintiff perceives as outrageous conduct is nothing more than a client having to go to court to obtain a resolution of a dispute and that the defendant has the temerity to suggest it has a defense to the claim. Plaintiff has cited no cases to support this proposition nor has the court found any.

IT IS ORDERED:

1. Partial Summary Judgment is granted as to Count I. The maximum lump sum payable under the insurance policy covering plaintiff's husband's death is $25,598.00.

2. Summary Judgment is granted defendant on Count II and it is hereby dismissed.

3. Judgment on the pleadings is granted defendant on Count III.

Dated this 26th day of March, 1985.

_____
Robert A. Hefner, Chief Judge